# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MIKEYLEE MUNA,<br><br>                    Defendant. | <br><br><br><br><br><br><br><br>Case No. 3:13-cr-0100-SLG |

## ORDER RE DEFENDANT'S MOTION TO VACATE OR SET ASIDE SENTENCE

Before the Court at Docket 113 is Defendant Mikeylee Muna's First Amended Motion to Vacate or Set Aside Sentence. After the Court denied the Government's motion to stay,[1] the Government filed its opposition to the motion to vacate at Docket 117. Mr. Muna replied at Docket 123. Oral argument was not requested and was not necessary to the Court's determination of the motion.

On February 11, 2014, Mr. Muna was sentenced to 75 months of imprisonment following his guilty plea to two counts of Felon in Possession.[2] The Court calculated a total offense level of 23 and a criminal history category of VI, which generated a Guideline range of 92 to 115 months. In the parties' plea agreement, the United States agreed to recommend a sentence at the low end of the Guideline range, with which the Court

---

[1] At Docket 116, the Court denied the Government's motion to stay because, based on the Court's preliminary review of the record, there was a fair possibility that Mr. Muna would be entitled to a term of imprisonment that exceeds time served and eligible for immediate release if Mr. Muna prevails on his § 2255 motion. *Cf. United States v. Beaty*, No. 3:13-cr-00010-SLG, Dkt. 74 (D. Alaska Dec. 19, 2016) (order staying the proceeding).

[2] Docket 87 (Judgment) at 2.

agreed. By agreement of the parties, the Court further reduced the sentence by 17 months for time sentenced by the state court for related conduct.[3]

Mr. Muna's total base offense level had been enhanced, in part, because of a finding that Mr. Muna "committed [] part of the instant offense subsequent to sustaining one felony conviction of [] a crime of violence," pursuant to Sentencing Guidelines § 2K2.1(a)(4).[4] The prior conviction at issue was Mr. Muna's 2012 conviction for assault in the third degree under Alaska Statute 11.41.220. In the parties' plea agreement, they agreed that Mr. Muna's 2012 conviction qualified as a crime of violence under § 2K2.1(2). Based on that agreement, at sentencing the Court did not determine whether the conviction came within the force or residual clause of the crime of violence definition provided by § 4B1.2(a)(1).[5] Mr. Muna argues that the residual clause applies because "[AS § 11.41.220(a)(1)(A)] does not require the 'use of force' [as the force clause requires] . . . and because the offense requires only a reckless *mens rea* [as the residual clause permits]."[6] In its response, the Government does not address this issue. Therefore, the Court will assume that Mr. Muna's Guideline range depended on the validity of the residual clause as provided by § 4B1.2(a)(1).

---

[3] Docket 87 at 2; *see also* Docket 40 (Plea Agreement) at 14.

[4] Docket 87 at 2; Docket 74 (Presentence Report) at 10–11 ¶ 24; *see also* Docket 40 at 13 ("MUNA agrees that his base offense level for Count 1 is 20 because of his January 20, 2012, Alaska Assault conviction, a crime of violence.").

[5] Docket 40 at 13.

[6] Docket 113 (Muna Mot. to Vacate) at 13.

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 2 of 11

In the current motion, Mr. Muna moves the Court to vacate or set aside his sentence. He asserts that, properly calculated, his total base offense level would be 17, generating a Guideline range of 51 to 63 months, less 17 months for the state sentence.[7] He argues that this reduced Guideline range is warranted because his 2012 conviction cannot serve as a crime of violence predicate under the residual clause of § 4B1.2(a)(1) of the Guidelines following *Johnson v. United States*.[8]

In *Johnson*, the Supreme Court held that the identically worded residual clause contained in the Armed Career Criminal Act (ACCA) was unconstitutional under the void-for-vagueness doctrine.[9] Then in *Welch*, the Supreme Court determined that *Johnson* announced a new substantive rule of constitutional law because "*Johnson* changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [Act] punishes.'"[10] Accordingly, the Court held that *Johnson* would apply retroactively to ACCA cases on collateral review. Mr. Muna now argues that *Johnson*'s reasoning extends to the Guidelines and creates a substantive rule of constitutional law that has retroactive effect and can be applied to his collateral challenge.

The Government agrees that the residual clause of the Guidelines is unconstitutionally vague, but argues that as applied to the Guidelines, *Johnson*

---

[7] Docket 113 at 2. Based on the Court's preliminary review, excluding the prior assault enhancement generates a base offense level of 14, which results in a total offense level of 17. With a criminal history category of VI, the Guideline range would be 51 to 63 months. *See* Docket 74 at 11–12.

[8] Docket 113 at 1 (citing *Johnson v. United States*, 135 S. Ct. 2551 (2015)).

[9] *Johnson*, 135 S. Ct. 2551.

[10] *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)).

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 3 of 11

announced a non-watershed rule of procedure, and accordingly, it does not apply retroactively to cases, like Mr. Muna's, that are on collateral review.[11] The Government also argues that even if *Johnson*'s reasoning applies retroactively to Guideline cases on collateral review, "Mr. Muna's claim is procedurally defaulted because he did not [timely] argue that the residual clause of the Guidelines' 'crime of violence' provision was unconstitutionally vague."[12]

The Court will first consider whether Mr. Muna's claim is procedurally barred, and will then address whether *Johnson*'s reasoning applies retroactively to Guideline cases on collateral review.

## DISCUSSION

### I. **Legal Standard**

A prisoner in custody pursuant to a sentence imposed by a federal court, who claims the right to be released on the ground that the sentence was imposed in violated of the Constitution or laws of the United States may move the sentencing court to vacate, set aside or correct the sentence.[13] A court may grant relief if it finds that the petitioner's sentence violates the Constitution or laws of the United States.

---

[11] Docket 117 (Gov't Opp'n) at 4.

[12] Docket 117 at 4.

[13] 28 U.S.C. § 2255(a).

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 4 of 11

## II. Waiver

The Government asserts that the collateral attack waiver in Mr. Muna's plea agreement bars the current motion.[14]  But a collateral-attack waiver does not apply "if the sentence violates the law."[15]  Accordingly, if the Court finds that Mr. Muna's sentence violates the law, the waiver does not preclude Mr. Muna from collaterally attacking his sentence.

## III. Procedural Default

The Government also argues that "[Mr.] Muna's claim is procedurally barred. . . [because] [a]t sentencing, [Mr.] Muna did not object to the calculation of his [G]uideline range . . . [n]or did [Mr.] Muna raise this claim on direct appeal."[16]  With limited exceptions, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."[17]  Cause may be shown by demonstrating that "the legal basis for a claim was not reasonably available to counsel" at the time of the direct appeal.[18]  As for prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage."[19]

---

[14] Docket 117 at 24; *see also* Docket 40 (Plea Agreement) at 17.

[15] *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).

[16] Docket 117 at 21.

[17] *Massaro v. United States*, 538 U.S. 500, 504 (2003).

[18] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[19] *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (emphasis omitted).

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 5 of 11

The Government does not contest that Mr. Muna sustained "actual prejudice." Moreover, the Supreme Court has held that a sentence imposed pursuant to an incorrect Guideline range is typically sufficient to show a reasonable probability that the defendant sustained actual prejudice.[20] Because the Government concedes that *Johnson*'s reasoning extends to the Guidelines and because Mr. Muna's sentence was predicated on an incorrect Guidelines range, the Court finds that prejudice has been established in Mr. Muna's case.[21]

As for cause, that Mr. Muna did not challenge the constitutionality of the Guidelines' residual clause at sentencing or on direct appeal is not dispositive. The default is excusable if the legal basis of the constitutional challenge was not reasonably available at the time.[22] A claim would not be "reasonably available to counsel" if it is based on a Supreme Court "decision that explicitly overrule[d] one of [its] precedents."[23] Mr. Muna's default is thus excusable as *Johnson* "explicitly overruled" the holdings in *Skyes v. United States* and *James v. United States.*[24] Accordingly, the Court finds that Mr. Muna's § 2255 motion is not procedurally barred.

---

[20] *See Molina-Rodriguez v. United States*, 136 S.Ct. 1338 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.")

[21] *See* Docket 117 at 4.

[22] *Murray*, 477 U.S. at 488.

[23] *Reed v. Ross*, 468 U.S. 1, 17 (1984).

[24] *Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled.").

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 6 of 11

## IV. Retroactivity

A § 2255 motion is timely if filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[25] Here, *Johnson* was decided on June 26, 2015 and Mr. Muna filed his motion on April 18, 2016,[26] rendering his motion timely only if *Johnson*'s rationale applies retroactively to the Guidelines.

Under *Teague v. Lane*, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."[27] But there are "two categories of rules that are not subject to [the] general retroactivity bar."[28] "First, courts must give retroactive effect to new substantive rules of constitutional law. Substantive rules include rules forbidding criminal punishment of certain primary conduct, as well as rules prohibiting a certain category of punishment for a class of defendants because of their status or offense."[29] "Second, courts must give retroactive effect to new watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."[30] This determination

---

[25] 28 U.S.C. § 2255(f)(3).

[26] *See Johnson*, 135 S. Ct. 2551; Docket 105 (Mot. to Vacate).

[27] *Teague v. Lane*, 489 U.S. 288, 310 (1989).

[28] *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016).

[29] *Montgomery*, 136 S. Ct. at 728 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)) (internal quotations omitted).

[30] *Montgomery*, 136 S. Ct. at 728 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 352, n.4 (2004)) (internal quotations omitted).

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 7 of 11

depends on "whether the new rule itself has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain the conviction, or alters instead the range of conduct or class of persons that the law punishes."[31]

The Government argues that "[w]hile *Johnson*'s rule is 'substantive' as applied to ACCA cases since it 'changed the substantive reach of the [ACCA],' . . . its rule takes on a different character when applied to [the Guidelines]."[32] The Government observes that a rule invalidating the Guidelines' crime-of-violence residual clause would not disturb the statutory boundaries for sentencing. Rather, the Government asserts that the Guidelines' role in the sentencing process is a procedural step in imposing the sentence. The Government cites *Peugh v. United States* for support of this argument. In *Peugh*, the Supreme Court held that the Ex Post Facto Clause is violated when a defendant is sentenced under Guidelines promulgated after he committed his crime. In that context, the Court described miscalculation of the Guidelines as "procedural error."[33] However, that case did not address the retroactive effect of a new constitutional rule applied to a Guideline calculation.

*Reina-Rodriguez v. United States* is more useful to the Court in its analysis of the issue. In *Reina-Rodriguez*, the petitioner's Guideline calculation had been enhanced due to a finding that was later held impermissible in *United States v. Grisel*.[34] The *Grisel* court

---

[31] *Welch*, 136 S. Ct. at 1266.

[32] Docket 117 at 11 (citing *Welch*, 136 S. Ct. at 1256).

[33] *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

[34] 655 F.3d 1182, 1187 (9th Cir. 2011).

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 8 of 11

held that "second-degree burglary under Oregon law is not a categorical burglary for purposes of the ACCA." Petitioner in *Reina-Rodriguez* argued that *Grisel*'s holding should be applied retroactively to his case—a Guidelines case that was on collateral review. The Ninth Circuit agreed, and held that *Grisel* presented a new substantive rule that "altered the conduct that substantively qualifies as burglary."[35] While the Ninth Circuit did not explicitly address how, if at all, the discretionary nature of the Guidelines affected its analysis, it applied the rule in *Grisel* retroactively to petitioner's case and permitted petitioner to collaterally attack his sentence in which an incorrect Guideline calculation had been calculated.

The Government argues that *Reina-Rodriguez* is distinguishable from Mr. Muna's case because in *Reina-Rodriguez*, the Ninth Circuit confronted a substantive state law used as a predicate offense, not a new constitutional rule. But while the Ninth Circuit made this distinction in its opinion, it still conducted its analysis under *Teague*, which applies to constitutional rules, and found that *Grisel* announced a new substantive rule.[36] Moreover, *Montgomery v. Louisiana*, which the Government cites, supports retroactivity in this case, as the quote the Government cites impresses upon the reader the significance of sentences that violate the Constitution.[37] The parties here agree that the

---

[35] *Reina-Rodriguez*, 655 F.3d at 1189.

[36] *Reina-Rodriguez*, 655 F.3d at 1189.

[37] "Substantive rules, then, set forth categorical constitutional guarantees that place certain criminal laws and punishments altogether beyond the State's power to impose. It follows that when a State enforces a proscription or penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful. Procedural rules, in contrast, are designed to enhance the accuracy of a conviction or sentence by regulating "the manner of determining the defendant's culpability." *See* Docket 117 at 15 (citing *Montgomery v. Louisiana*, 136 S. Ct. 718, 729–30 (2016)).

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 9 of 11

residual clause of the Guidelines does just that, and the Court does not discern any meaningful distinction between the effect of a Guideline calculation that is impermissibly based on a state statute and one that violates the Constitution.

Consistent with *Reina-Rodriguez*, *Johnson*'s new rule of substantive constitutional law applies retroactively in both the context of the ACCA and in the context of the Guidelines. And while the Ninth Circuit has not decided this precise issue, several district courts have applied *Johnson*'s reasoning retroactively on collateral review of sentences enhanced by the Guidelines' residual clause.[38] While not binding, the reasoning of these cases is persuasive to this Court; and accordingly, the Court finds that Mr. Muna is entitled to resentencing with a new Guideline range calculated in accordance with this order.

IT IS ORDERED that:

(1) Mr. Muna's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence at Docket 113 is GRANTED;

(2) Mr. Muna's sentence is VACATED, subject to resentencing;

(3) The Probation Office shall recalculate the applicable Guideline range in accordance with this order and shall file a final supplemental report with that calculation within 14 days of the date of this order;

---

[38] *See, e.g., United States v. Dean*, No. 13-00137 SI, 2016 WL 1060229 (D. Or. March 15, 2016); *Gilbert v. United States*, No. 15-1855 JCC, 2016 WL 3443898 (W. D. Wash. June 23, 2016); *United States v. Arredondo*, No. 12-2084 SAB, 2016 WL 3448596 (E.D. Wash. June 20, 2016); *United States v. Suttle*, No. 14-0083 SAB, 2016 WL 3448598 (E.D. Wash. June 20, 2016); *United States v. Cloud*, No. 10-2077 RMP, 2016 WL 3647785 (E.D. Wash. June 24, 2016); *United States v. Bercier*, No. 13-0102 RMP, 2016 WL 3619638 (E.D. Wash. June 24, 2016); *United States v. Stamps,* No. 13-238 CW, 2016 WL 3747286 (N.D. Cal. June 29, 2016); *United States v. Hoopes,* No. 11-0425 HZ, 2016 WL 3638114 (D. Or. July 5, 2016); *United States v. Gentry,* No. 12-00604 SI, 2016 WL 3647331 (D. Or. July 7, 2016); *United States v. Snead*, No. 12-0649 CW, 2016 WL 4091548 (N.D. Cal. August 2, 2016); and *United States v. McGary*, No. 14-0013 CW, 2016 WL 4126451 (N. D. Cal. August 3, 2016).

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 10 of 11

(4) The parties may file a supplemental sentencing memorandum pursuant to D. AK. LCrR 32(d) no less than 7 days prior to resentencing; and

(5) Resentencing is scheduled for **February 22, 2017 at 1:30 p.m.** before Judge Sharon Gleason in Anchorage Courtroom 3.

DATED this 24th day of January, 2017.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:13-cr-100-SLG, *United States v. Muna*
Order re Motion to Vacate or Set Aside Sentence
Page 11 of 11